IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **CHARLES D. WILLIAMS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| **UNION PACIFIC** | § | No. _____ |
| **RAILROAD COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, **CHARLES D. WILLIAMS**, hereinafter called Plaintiff, or "WILLIAMS" complaining of Defendant, the **UNION PACIFIC RAILROAD COMPANY**, "Union Pacific" and for cause of action would respectfully show the Court the following in support thereof:

**PARTIES AND SERVICE**

1. Plaintiff, CHARLES D. WILLIAMS, is an Individual residing in Alvin, Brazoria County, Texas.

2. Defendant, UNION PACIFIC, is a foreign railroad corporation, which at all times material to this cause of action was doing business as a common carrier by rail engaged in interstate commerce. Defendant's registered agent for service is CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1

**JURISDICTION AND VENUE**

3. This cause of action grows out of an incident that occurred on or about January 29, 2019. At all times material to this Complaint, Plaintiff was employed by Defendant Union Pacific Railroad Company, and at all times material to this Complaint, Plaintiff was acting within the course and scope of his employment. Defendant Union Pacific Railroad Company was a common carrier engaged in interstate commerce. Plaintiff's duties in whole or in part affected interstate commerce. By reason of the foregoing, Plaintiff's claims in whole or in part affected interstate commerce and as such are governed by the terms and provisions of the *Federal Employers' Liability Act, 45 U.S.C. §51, et seq*.

4. The court has jurisdiction over Defendant Union Pacific Railroad Company and the claims under the *Federal Employers' Liability Act, 45 U.S.C. §51, et seq*.

5. Venue is proper under *45 U.S.C. §56* because defendant is doing business in this district and was at the time of commencing this action.

**STATEMENT OF FACTS**

6. On January 29, 2019 while employed by Defendant, UPRR, Plaintiff was working as a signal installer under the direct control of Defendant's agents, servants, and employees along UPRR track at or near Round Rock, Texas. Plaintiff sustained serious bodily injuries. Plaintiff's job was to assist in the upgrading and construction of a cantilever signal mast at the road crossing. This was being done at the time by assembling the mast and cantilever on the ground and then standing it up using a backhoe excavator. As the backhoe was lifting the catwalk by pulling on a wire to stand it up, it swung into the plaintiff. Plaintiff Williams was struck by the

assembly, knocked backwards and was struck by the catwalk assembly on the right knee. Williams injured both of his knees as well as his lower back.

Pursuant to FELA, 45 U.S.C. § 51, a railroad such as UPRR has a non-delegable duty to provide its employees with a reasonably safe working environment.

## LIABILITY OF DEFENDANT UNION PACIFIC
## FOR NEGLIGENCE

7. Defendant owed CHARLES D. WILLIAMS and others similarly situated the duty of ordinary care and Defendant violated that duty by The Defendant. Acting by or through its officers, agents, servants, borrowed servants, and employees Defendant was negligent in causing the Plaintiff's injury, in whole or in part, in the following particulars:

  (a)  Defendant failed to provide Plaintiff with a reasonably safe place to work.

  (b)  Defendant failed to provide Plaintiff with reasonably safe tools and equipment, namely, a crane or boom and cable on the truck for use in the installation.

  (c)  Defendant required Plaintiff to complete tasks without an adequate and proper job briefing, training, and information.

  (d)  Defendant assigned Plaintiff to work in a situation or condition which it knew, or should have known, was likely to cause Plaintiff's injury.

  (e)  All other acts and omissions by the Defendant which may be brought out at trial.

## CAUSATION

8. As a legal result of the negligence of Defendant, Plaintiff WILLIAMS sustained disabling injuries to his knees and back may require surgery. Plaintiff would show that he was an

able-bodied employee prior to the incident made the basis of this suit and that the injuries described above have caused Plaintiff to suffer significant damages.

## **DAMAGES**

9. At the time of the injury alleged herein, Plaintiff was a strong and able-bodied 50 year old man who fully performed his assignments as required by Defendant, UPRR. Plaintiff is unaware of any weaknesses or infirmities that were present before his injuries, but if any were present, Defendant's negligence caused them to be activated by the trauma to Plaintiff's body. Because of Defendant's negligence, Plaintiff has suffered and will continue to suffer damages in the following particulars:

   (a) Plaintiff has undergone medical treatment in the past;

   (b) Plaintiff must undergo medical treatment in the future, including therapy, work hardening and prescription medications;

   (c) Plaintiff has sustained physical pain and suffering in the past;

   (d) Plaintiff will continue to experience physical pain and suffering for an indefinite time into the future;

   (e) Plaintiff has sustained mental and emotional pain and suffering in the past;

   (f) Plaintiff will continue to suffer mental and emotional pain and suffering for an indefinite time in the future;

   (g) Plaintiff has incurred medical bills in the past for treatment of his injuries;

   (h) Plaintiff will continue to incur medical bills for an indefinite time into the future;

   (i) Plaintiff has lost benefits and wages in the past in the amount of which will be calculated and presented at trial;

    (j)    Plaintiff will continue to suffer lost benefits and loss of wage earning capacity into the future, the amount of which will be calculated and presented at trial;

    (k)    Plaintiff has sustained a permanent decrease in his ability to earn wages, the amount of which will be calculated and presented at trial;

All of the losses described above by Plaintiff were legally caused by the negligence of Defendant.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff CHARLES D. WILLIAMS, respectfully prays that the Defendant be cited to appear and answer herein, and that Union Pacific Railroad Company on a final hearing of the cause, judgment be entered for Plaintiff against Defendant for his damages; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

/s/ Marc A. Zito
**Marc A. Zito**
Federal Bar Number 2070
Texas Bar Number 22279400
P.O. Box 4340
Houston, Texas 77210
(713) 668-0230
(713) 956-7139 Fax
mzit@jonesgranger.com

**ATTORNEY FOR PLAINTIFF**

5